**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

FILED
CHARLOTTE, NC

SEP 27 2011

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

|  |  |  |
|---|---|---|
| REXAM PENSION AND BENEFITS COMMITTEE, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No: 3:11-cv-56 |
| v. | ) ) | |
| LOUIS B. FEDERSPIEL | ) ) | |
| Defendant. | ) | |

## ORDER REGARDING ELECTRONICALLY STORED INFORMATION

### I. Scope of Discovery of Electronically Stored Information (ESI)

#### A. Discovery Efforts

##### 1. Accessible ESI

Reasonably accessible sources of ESI include active and archived e-mail accounts, shared network drives, active documents and data on workstation or laptop hard drives, and portable drives/media, including external hard drives, zip drives, CD/DVD Roms, and USB Flash Drives/Jump Drives. Each party will conduct a reasonably diligent search of those reasonably accessible sources in which it has reason to believe relevant ESI will be found. Each party shall be responsible for searching its own documents in response to discovery requests, and no party shall have the right to search any other party's documents without court order or that party's express prior written consent.

##### 2. ESI that is Not Reasonably Accessible

Because of the circumstances of this case, the Court is unable to determine at this time whether or not the review or production of ESI that is not reasonably accessible will be necessary. No party will be required initially to conduct a search of ESI that is not reasonably accessible. Should a party determine that significant relevant information would be located in sources not otherwise available in reasonably accessible sources and that the search of ESI that is not reasonably accessible is not substantially outweighed by the burden and cost of review and

production of ESI from these sources, the parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached.

## B. Filtering

### 1. General

In an effort to control costs and reduce the volume of ESI that is not relevant to the matter, the parties may filter ESI to identify the most likely relevant material using the following techniques:

**a. Search Approaches**—The parties may use reasonable search or culling methodologies as agreed upon by the parties to filter for relevancy prior to review and production.

**b. Date Limitation**—The parties may limit the collection and review of ESI to the following date range: January 1, 2004 through the present.

**c. Duplicates**—The parties may review and cull duplicative ESI to reduce unnecessary costs of reviewing and producing duplicative ESI.

## C. Timeframe

The parties will produce paper documents and ESI on a rolling production basis as soon as reasonably practicable and in accordance with the Federal Rules of Civil Procedure. The parties reserve the right to supplement production as needed.

## II. Form or Forms of Production

### A. Images Only—Paper and ESI

Documents that are stored in paper files may be produced in paper. If paper is to be produced electronically, it will be produced in the same manner as ESI: single page, 300 DPI, Group IV .TIFF format. This is a popular static format that allows for proper viewing, numbering, endorsement (e.g., Bates stamping, confidential legends, etc.) and any necessary redaction and one that will work with most popular litigation software packages.

### B. Images and Searchable Text—ESI

#### 1. Image and Searchable Text File.

Except as noted below, all ESI will be produced in image format, adhering to the specifications noted above. To the extent practicable, and except for documents redacted for privileged information, each individual document based on an electronic file shall be

accompanied by a corresponding text file with text that is extracted from the electronic file, not generated as an OCR file from the .TIFF image(s).

Production in image format with searchable text provides both parties with a static image that can be redacted, numbered, and authenticated and allows both parties the ability to search the text of ESI. Moreover, production in image format with text eliminates the problems associated with opening files maintained in a variety of software applications. Finally, production in image format eliminates the need to secure and load a variety of software applications to view documents.

### 2. Exceptions

**a. Spreadsheets**—Excel and other types of spreadsheets are often dynamic in nature and may not be conducive to static images; therefore, the parties will produce Excel and other spreadsheets as an image (with appropriate legends and document identification numbers) and, when available (and not redacted for privileged information), in their native form(s). The image version will be the form used as evidence. To the extent that print-outs or images of all or part of a spreadsheet were also maintained in static form (e.g, *as a* .PDF attachment or hard copy in a file), those documents will be produced as static images consistent with the specifications for production of paper or ESI.

**b. Databases**—Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. A party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static image format. To the extent that relevant and responsive reports or data tables derived from a database were also maintained in static form (e.g., *as a* .pdf attachment or a hard copy in a file), those documents will be produced as static images consistent with the specifications for production of paper or ESI.

### C. Metadata

Because the majority of metadata is unusable and of little value and the time required to review the metadata makes its production cost-prohibitive, the production of metadata will be limited to metadata that is ordinarily visible to and relied upon by the user, such as formulas contained in Excel spreadsheets or speakers' notes contained in PowerPoint presentations. Parties may request the production of additional metadata that is not ordinarily visible and relied

upon by the user upon a determination of the need for and relevance of such data. Under such circumstances, the parties will negotiate in good faith with regard to whether the production of such metadata is reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached.

### D. Organization of Production

Images will be placed on suitable and appropriate electronic storage media and transmitted to opposing counsel. Each image will be assigned a production number and an image cross-reference file in .TXT format indicating the begin/end document boundaries that will be provided as part of each production. An image cross-reference file in .TXT format indicating the parent and attachment relationships indicated in the "Parentid" and "Attchids" fields also shall be provided as part of each production, where applicable. The cross-reference files allow the parties to load the images into popular litigation support applications and identify document and attachment boundaries.

### E. Files Not Amenable to .TIFF Conversion and Non-Producible Files

Certain types of files, such as system, program, and sound files, will not be amenable to conversion into anything meaningful in .TIFF format. These will be produced in the form of a placeholder .TIFF image. Other files may not be able to be converted to .TIFF due to password protection or corruption. If reasonable efforts to obtain useful .TIFF images of these files are unsuccessful, these will also be accounted for with a placeholder image.

### F. Privilege

Each party shall review its documents, including ESI, for privileged information prior to production. Privileged information inadvertently produced by a party will be handled in accordance with the provisions of Rule 26(b)(5) as follows:

If information is produced in discovery in this matter that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it within a reasonable time of having discovered that such information was produced. After being notified of the claim, a party receiving such information must promptly return, sequester or destroy the specified information and any copies and may not use or disclose the information until the claim is resolved. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. If the receiving party

disputes the claim or believes the protection has been waived, it may present the information to the court under seal within 20 days of receiving the notice for a determination of the claim. The producing party must preserve the information until the claim is resolved.

## G. Right to Request Additional Information

This order is without prejudice to the right of a requesting party to request additional searches or additional information about specific ESI. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached.


IT IS SO ORDERED.


Dated  9-27-11

Hon. David S. Cayer
United States Magistrate Judge